# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LYDIA J. BUCKLEY,<br><br>Plaintiff,<br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 18-CV-4070-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This matter is before the Court on a Report & Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 17). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Lydia J. Buckley's (claimant) application for continuation of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVIII of the Social Security Act, 42 U.S.C. §§ 1381, et. seq. (Act). (*Id.*, at 1). Claimant filed a timely objection on August 20, 2019. (Doc. 18). The Commissioner has not responded and the deadline for a response has expired.

## II.    APPLICABLE STANDARDS

### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence

is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge (ALJ)], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence

differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S.

364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. THE R&R

Claimant applied for continuation of benefits. In 2013, the Social Security Administration (SSA) found claimant had been disabled since May 13, 2008. (AR 172-74).[1] This is referred to as the comparison point decision (CPD). (AR 41). At that time, the ALJ noted "Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 24 months." (AR 174).

On August 10, 2016, the SSA notified claimant that it was terminating her benefits on October 31, 2016, because it concluded claimant was no longer disabled. (AR 135). Claimant appealed that decision and ultimately requested a hearing before an ALJ. (AR 199-204, 208). After a hearing, an ALJ applied the familiar five-step evaluation and found there were jobs in significant numbers in the national economy that claimant could perform based on her residual functional capacity (RFC) and, therefore, she was not disabled as defined in the Act. (AR 39–48). Claimant argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to properly assess claimant's subjective complaints.

2. There is "a complete lack of medical evidence" showing claimant's disability ended and the ALJ substituted her own medical opinion for those of claimant's treating physicians; and

---

[1] AR cites refer to pages in the administrative record.

3. The ALJ's hypothetical question posed to the vocational expert was not supported by substantial evidence in the record as a whole.

(Doc. 13, at 1). Judge Roberts addressed each argument in his R&R.

First, Judge Roberts found that the ALJ correctly decided that claimant's subjective complaints were not credible. (Doc. 17, at 13–21). Judge Roberts reviewed the ALJ's decision within the so-called *Polaski* factor framework, finding the ALJ:

(1) "properly acknowledged and examined the objective medical evidence in the record as it related to Claimant's subjective complaints" (*Id.*, at 16);

(2) "properly acknowledged and examined Claimant's daily activities as they relate[d] to Claimant's subjective complaints" (*Id.*, at 17); and,

(3) "properly acknowledged and explained the dosage, effectiveness, and side effects of medications as they relate[d] to Claimant's subjective complaints" (*Id.*, at 20).

Ultimately, Judge Roberts found "that the ALJ properly evaluated Claimant's subjective complaints and articulated good reasons for discrediting Claimant's testimony and self-reports, including her self-reports to physicians." (*Id.*).

Second, Judge Roberts found that medical evidence supported the ALJ's finding that claimant's disability ended on October 31, 2016. (*Id.*, at 21-26). Judge Roberts summarized claimant's medical history contained in the records, addressing claimant's assertion that she was still disabled because of residual visual disturbances and chronic headaches, which would cause her to miss work two-to-three days a month. (*Id.*, at 21-24). Judge Roberts also addressed the ALJ's evaluation of claimant's daily activities in assessing the severity of claimant's symptoms, noting that claimant need not "have complete relief from her headaches to possess the ability to work." (*Id.*, at 25). Judge

Roberts concluded the ALJ acted within her discretion in weighing the medical evidence and did not substitute her judgment for that of medical professionals. (*Id.*, at 25-26).

Finally, Judge Roberts found the ALJ did not rely on the answer to a defective hypothetical question posed to the vocational expert. (*Id.*, at 26-31). Judge Roberts reviewed the record, including the hypothetical questions posed to the vocational expert. (*Id.*, at 27-28). Judge Roberts first concluded that claimant was relying in part on evidence that did not relate to the time period at issue. (*Id.*, at 29). Second, Judge Roberts found that the medical record did not support the limitation (claimant would be off task ten percent of the day or would miss work three-days-a-month) claimant argues that the ALJ should have included in the hypothetical questions to the vocational expert. (*Id.*). Judge Roberts found that the ALJ did not assume claimant had no headaches, but, rather, found that claimant's headaches only mildly impaired claimant's ability to concentrate. (*Id.*, at 29-30). Thus, Judge Roberts found that the ALJ included in the hypothetical questions all of the limitations the ALJ found were supported by the evidence, rendering the hypothetical questions proper. (*Id.*, at 30-31).

## IV. STANDARD OF REVIEW

Claimant asserts the following objections to the R&R: (1) "The ALJ and Magistrate erred in deciding that claimant's subjective complaints were not credible and in fact supports the conclusion that she has medically improved and is no longer entitled to benefits"; (2) "The Report and Recommendation errs in rejecting the opinions of Dr. Case, and not giving it controlling weight"; (3) "Given the conclusions reached by Dr. Case, if it is not rejected and given weight, then the testimony of the Claimant is then supported by the opinion of Dr. Case, and therefore credible"; and (4) "If arguments I and II as set forth above are found to be correct, then Argument III follows suit in that the ALJ relied upon a defective hypothetical to the Vocational Expert." (Doc. 18, at 4).

In the body of her Objection to Judge Roberts' R&R, claimant does not argue that Judge Roberts misapplied the law or got the law wrong. Nor does claimant identify any factual errors by Judge Roberts. Claimant does not cite to any particular page or finding in Judge Roberts' R&R. Claimant makes only two references to the R&R in the body of her objection. In the first reference, claimant notes that Judge Roberts "took issue with the plaintiff's attorney with using the term that there was no 'cure' of claimant's problems." (Doc. 18, at 6). Claimant does not assert that Judge Roberts erred in taking issue and admits that "cure" is not the standard. (*Id.*). Rather, claimant argues that "one still has to look whether or not if there has been a medical improvement." (*Id.*). Claimant fails, thereafter, to point to anything in Judge Roberts' R&R showing that Judge Roberts failed to determine if there had been a medical improvement. In the second reference, claimant notes that the R&R "speaks of the fact [that claimant] is able to read books and do craft projects as an indication she could sustain full time work." (*Id.*). Claimant does not assert that the finding is erroneous; rather, claimant simply argues that "[a]s discussed in the Report and Recommendation," a claimant need not be bedridden to be disabled. (*Id.*). In short, claimant has not identified any error that Judge Roberts allegedly made; rather, claimant simply disagrees with Judge Roberts' conclusions.

Claimant's objections fail to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file specific, written objections to the . . . report and recommendation . . .." (emphasis added). *Accord* FED. R. CIV. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objections are not specific. In essence, claimant asks the Court to reverse the Commissioner's decision for the reasons already argued to, and addressed by, Judge Roberts. Although claimant ostensibly takes issue with three conclusions in the R&R, she raises no specific deficiency in Judge Roberts' analysis. Claimant's objections do

little more than reiterate her arguments that Judge Roberts previously rejected without offering any new analysis. The Court is left to guess, then, where Judge Roberts allegedly erred. Claimant points to no specific errors, and does not cite to the record at all to support her generalized objection to Judge Roberts' R&R. Indeed, claimant's objections require the Court to duplicate the work Judge Roberts has already done, thus defeating the entire purpose of the R&R. Claimant's objections are akin to making no objection at all.

Indeed, the Court would be well within its discretion in treating claimant's objections as if none were made at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that a number of circuits hold that a district court need not conduct a de novo review of a magistrate's order where the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). The Eighth Circuit Court of Appeals has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases

involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review more liberally, even in the face of general objections. *See id.* (holding that a pro se litigant's objections were "definite enough" to trigger de novo review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, claimant was represented by an experienced attorney, Wil Forker, and the record is relatively lengthy, yet claimant offers nothing more than a conclusory objection to Judge Roberts' R&R. When this attorney previously filed a similarly defective objection to an R&R in a Social Security case, this Court treated it as if the claimant had not objected at all, and reviewed the R&R for clear error. *See Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Out of an abundance of caution, and for the benefit of claimant, the Court will conduct a de novo review of each ground claimant raised in her appeal of the ALJ's decision in this case. Counsel is warned, however, that in the future the Court will treat conclusory objections to a magistrate judge's R&R for clear error.

## V. ANALYSIS

### A. *The Credibility of Claimant's Subjective Complaints*

Claimant argues that the ALJ erred in assessing her credibility. (Doc. 13, at 6-8). Claimant "alleged in writing that her impairments include[d] 'pseudotumor cerebri-constant headaches, intracranial hypertension and borderline personality disorder[.]'" (AR 44). Claimant testified that she lost her job "because she missed too many days from work." (*Id.*). She testified that she "has limited interaction with others and prefers to stay at home with her boyfriend," but "admitted attending [a] barbeque get together with friends." (*Id.*). Claimant testified that "her headaches and limited vision prevent

her from working." (*Id.*). Claimant admitted that, despite her limited vision, "she was able to obtain her driver['s] license and drive." (*Id.*).

Here, the ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." (AR 44). As Judge Roberts carefully summarized, the ALJ noted that claimant's neurologist, Dr. Case, and neurophthalmologist, Dr. Thurtell, both recorded mostly normal and stable exam results in 2016 and 2017, and both found that the claimant's medications "adequately control her headaches." (Doc. 17, at 13 (citing AR 44-45)). The ALJ also noted that in 2011, claimant was eligible for vocational rehabilitative services, and worked part time in 2010 through 2012. (*Id.* (citing AR 42, 45)). The ALJ also described claimant's daily activities, including her ability to drive, in concluding that they were inconsistent with the debilitating symptoms claimant alleged. (*Id.*, at 17-18 (citing AR 42, 45)). The ALJ further noted that claimant sought and obtained little treatment and did not exhibit debilitating symptoms at her hearing. (*Id.*, at 17 (citing AR 42, 45)). The Court has reviewed the same record as Judge Roberts and finds that he accurately described the ALJ's finding.

When evaluating the credibility of a claimant's subjective statements, an ALJ must consider: (1) claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication claimant takes or has taken to alleviate claimant's pain or other symptoms; (5) treatment, other than medication, claimant receives or has received for relief of claimant's pain or other symptoms; (6) any measures claimant uses or has used to relieve claimant's pain or other symptoms . . . ; and (7) other factors concerning claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); *Polaski v.*

*Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is not required to explicitly discuss every *Polaski* factor, so long as the ALJ acknowledges and examines each consideration before discounting claimant's subjective complaints. *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008); *Lowe v. Apfel*, 226 F.3d 969, 982 (8th Cir. 2000). The ALJ may not discredit claimant's statements solely based on the absence of objective medical evidence, but may discount claimant's statements based on objective medical evidence to the contrary or inconsistency with the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002); *Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993).

Like Judge Roberts, the Court finds that the ALJ's decision discussed the factors relevant to the *Polaski* analysis. (Doc. 17, at 14-15). The ALJ examined the medical evidence, claimant's daily activities, and claimant's medications and their side effects. (*Id.*, at 15-20). The ALJ was not required to discuss each factor in detail. *See Ford*, 518 F.3d at 982. Additionally, the ALJ properly relied on objective medical evidence that was contrary to claimant's statements in finding them inconsistent with the record. *See Ramirez*, 292 F.3d at 581.

Thus, the Court finds there was substantial evidence in the record as a whole for the ALJ to discount claimant's subjective statements regarding the intensity, persistence, and limiting effects of claimant's symptoms. Thus, the Court finds that the ALJ did not err in weighing claimant's credibility and overrules claimant's objection to Judge Roberts' R&R on this issue.

### B. *Medical Evidence*

Claimant argues that the medical evidence shows that claimant's disabling impairments did not end on October 31, 2016, and that the ALJ substituted her own medical opinion for that of the medical providers. (Doc. 13, at 4-6). Claimant asserts that the ALJ "ignored" the medical evidence, in particular the opinion of Dr. James Case,

that allegedly showed claimant's "visual field" is bothered by light "and with headaches it is even worse." (*Id.*, at 4).

The ALJ did consider Dr. Case's opinion and reviewed Dr. Case's treatment of claimant. (AR 44-46). The ALJ noted that Dr. Case found claimant had uncorrected right eye vision of 20/30 and left eye vision of 20/20. (AR 45). The ALJ noted that Dr. Case found that claimant's treatment of amitriptyline "provides good control" over claimant's headaches. (*Id.*). The ALJ noted, however, that Dr. Case nevertheless stated that he supported claimant's application for disability. (AR 46). The ALJ gave "very little weight" to that opinion, however, "because Dr. Case did not provide any specific functional limitations" and the opinion was nothing more than "a general conclusory statement." (*Id.*). The ALJ also noted that Dr. Case's treatment records did not support that opinion. (*Id.*).

The ALJ also considered the treatment records of neuro-opthamalogists Drs. Thurtell and Miller. (AR 44-45). The ALJ noted that, based on these doctors' notes, though claimant complained of daily headaches and sensitivity to light, an examination revealed 20/20 vision in both eyes combined. (*Id.*). The ALJ further noted that Dr. Thurtell concluded that "claimant was stable and there were not findings of persistently raised intracranial pressure." (AR 45).

"It is the ALJ's duty to assess all medical opinions and determine the weight to be given these opinions." *Brown v. Berryhill*, No. C16-0179-LTS, 2018 WL 1001022, at *9 (N.D. Iowa Feb. 21, 2018) (citations omitted). The Court will not reweigh the evidence and will not disturb the weight the ALJ assigned to the opinion evidence simply because substantial evidence would support a contrary outcome. *See Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *7 (N.D. Iowa Sept. 14, 2018) (citing *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000)). If the ALJ's RFC determination is within the "zone of choice" based on the evidence in the record, the court will affirm the ALJ's

decision. *Brown*, 2018 WL 1001022, at *9 (quoting *Culbertson*, 30 F.3d at 939). In evaluating medical opinions, the ALJ will give controlling weight to the opinion of a treating source's medical opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2).[2]

In the absence of an opinion from a treating source that is entitled to controlling weight, the ALJ must consider several factors in determining the weight to give to the various medical opinions, including the examining or treatment relationship a medical source has with the claimant, how well the opinion is supported by evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c). In assessing medical opinions, the ALJ need not explicitly discuss each factor, as long as the ALJ considers the factors set forth in the regulations. *See Molnar v. Colvin*, No. 412-CV-1228-SPM, 2013 WL 3929645, at *2 (E.D. Mo. July 29, 2013); 20 C.F.R. § 404.1527(c). Although the opinion of a non-examining source alone generally does not constitute substantial evidence, the opinion of a non-examining source may outweigh the opinion of a treating or examining source when the non-examining source's opinions are better supported or are more consistent with the record as a whole. *See Epting v. Berryhill*, No. 16-CV-3118-LTS, 2017 WL 4836311, at *6 (N.D. Iowa Oct. 25, 2017) (citing 20 C.F.R. § 404.1527). "Inconsistencies with other evidence in the record, including other doctors' opinions is sufficient for discounting a medical source opinion."

---

[2] New regulations for evaluating medical opinions went into effect on March 27, 2017, and some, by their terms, apply retroactively. *See* REVISIONS TO RULES REGARDING THE EVALUATION OF MEDICAL EVIDENCE, 82 Fed. Reg. 5844 (Jan. 18, 2017). These new rules are substantively the same as the old rules, and the Eighth Circuit Court of Appeals has applied them retroactively. *See, e.g.*, *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017). Unless otherwise noted, for regulations regarding opinion evidence the Court will refer to the regulations that became effective on March 27, 2017.

*Stearns*, 2018 WL 4380984, at *7 (citing *Goff*, 421 F.3d at 790-91). "[T]here is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citations omitted).

The Court agrees with Judge Roberts' conclusion that substantial evidence in the record as a whole supports the ALJ's decision. (Doc. 17, at 24). Judge Roberts properly noted that the record of claimant seeking little medical treatment, attending only yearly appointments, belies her claim of disabling symptoms. (*Id.*). Judge Roberts correctly noted that claimant need not be free of all headaches to possess the ability to work. (*Id.*, at 25). The Court also finds that the ALJ was justified in giving very little weight to Dr. Case's conclusory opinion. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (holding that an ALJ properly gave no evidentiary weight to a physician's conclusory opinion which cited no medical evidence and provided little to no elaboration). The Court similarly finds the ALJ's decision to afford little weight to Dr. Case's opinion was proper when the opinion was inconsistent with the doctor's own treatment notes and the rest of the medical evidence. *See Halverson v. Astrue*, 600 F.3d 922, 929–30 (8th Cir. 2010) (explaining that "[w]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight" (internal quotation marks and citation omitted)); *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (recognizing that "[w]e have upheld an ALJ's decision to discount a treating physician's [medical source statement] where the limitations listed on the form stand alone, and were never mentioned in [the physician's] numerous records o[f] treatment nor supported by any objective testing or reasoning" (first and second alterations added) (internal quotation marks and citation omitted)).

Thus, the Court finds that the ALJ did not err in weighing the medical evidence and opinions in arriving at claimant's RFC and overrules claimant's objection to Judge Roberts' R&R on this issue.

### C. *Hypothetical Question to the Vocational Expert*

Claimant argues that the ALJ erred in posing a question to the vocational expert that did not include the limitations that claimant believes were support by the evidence. (Doc. 13, at 8-10). Hypothetical questions ALJs pose to vocational experts "need only include those impairments and limitations found credible by the ALJ[.]" *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (citation omitted). Accordingly, "[a] hypothetical is sufficient if it includes the impairments supported by substantial evidence and found credible by the ALJ." *Blackburn v. Colvin*, 761 F.3d 853, 860-61 (8th Cir. 2014) (citation omitted); *see Turner v. Colvin*, 621 F. App'x 865, 868-69 (8th Cir. 2015). Conversely, "[a]n expert's testimony based upon an insufficient hypothetical question may not constitute substantial evidence to support a finding of no disability." *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (citation omitted); *see Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

Here, the ALJ's hypothetical question incorporated the limitations the ALJ found credible and included in claimant's RFC. Judge Roberts properly declined to rely on medical evidence that does not relate to the time period at issue. (Doc. 17, at 29). The Court has already concluded above that the ALJ did not err in evaluating the medical evidence in determining claimant's RFC. As Judge Roberts correctly noted, an ALJ is not required to include in a hypothetical question alleged impairments the ALJ did not find sufficiently supported to include in the claimant's RFC. (*Id.*, at 30). Thus, the ALJ did not err in relying on the vocational expert's opinion based on the ALJ's RFC assessment. Judge Roberts applied the correct deferential standard of review and correctly found that the ALJ did not err in formulating the hypothetical question to the vocational expert and relying on the expert's answer. (*Id.*, at 31).

Thus, the Court finds the ALJ did not err in formulating the hypothetical question to the vocational expert and overrules claimant's objection to Judge Roberts' R&R on this issue.

## VI. CONCLUSION

For the reasons set forth herein:

1. Claimant's objections (Doc. 18) to the Report and Recommendation (Doc. 17) are **overruled**.

2. I **accept** the Report and Recommendation (Doc. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

    a. The Commissioner's determination that claimant was not disabled is **affirmed**; and

    b. Judgment shall enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 4th day of September, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa